UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| EDOUARD SALOMON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 22-cv-10181-ADB |
| MASSACHUSETTS HOUSING FINANCE AGENCY, | * | |
| | * | |
| Defendant. | * | |

## MEMORANDUM AND ORDER

BURROUGHS, D.J.

Edouard Salomon, who is proceeding *pro se*, brings this action against his former employer, Massachusetts Housing Finance Agency ("MassHousing"). [ECF No. 31 ("Second Amended Complaint" or "2nd Am. Compl.")]. Before the Court is MassHousing's motion for a more definite statement, or in the alternative, to strike, [ECF No. 33], as well as Salomon's motion to strike MassHousing's motion, [ECF No. 35]. For the reasons set forth below, MassHousing's motion for a more definite statement is GRANTED, and Salomon's motion is DENIED.

I.  BACKGROUND

On December 22, 2023, the Court granted in part and denied in part Salomon's second motion to amend the complaint. [ECF No. 28]. The motion to amend was granted as to Counts II, IV, VI, and VIII, which generally alleged retaliation for filing a complaint with the Massachusetts Commission Against Discrimination ("MCAD"); but denied as to Counts I, III, V,

1

and VII, which generally alleged disparate treatment based on race and age, as well as Counts II and VI, which generally alleged retaliation for raising alleged discrimination with managers, see, e.g., [id. at 1]. Thereafter, the Court told Salomon that he could "file an amended complaint that is consistent with the Court's order on the motion to amend," [ECF No. 30], meaning that Salomon's amended complaint could allege retaliation for filing a complaint with the MCAD, but not disparate treatment based on race and age, or retaliation for raising alleged discrimination with managers. See generally [ECF No. 28].

In response to the Court's order, on February 7, 2024, Salomon filed the Second Amended Complaint, which states, among other things, that "Plaintiff now brings one (1) cause of action under Retaliation under Title VII of the Civil Rights Act of 1964," [2nd Am. Compl. ¶ 31], and "Plaintiff also brings claims under the Massachusetts Fair Employment Practices Act and the Massachusetts Equal Rights Act," [id. ¶ 32]. In addition, he filed a "Memorandum of Contextual Facts and Law," [ECF No. 32], which sets forth alleged facts surrounding the filing of his MCAD complaint, and also appears to allege several acts of retaliation and discrimination, see generally [id.].

On February 21, 2024, MassHousing filed a motion for a more definite statement or, in the alternative, to strike the Second Amended Complaint. [ECF No. 33]. Among other things, and as relevant here, MassHousing argues that "[e]ven a pro se complaint 'must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly,'" [ECF No. 34 at 4 (quoting Castillo v. SEIU 32BJ New England, 20-cv-11220, 2020 WL 5237698, at *1 (D. Mass. Sept. 2, 2020))], which the Second Amended Complaint fails to do. [Id.]. Moreover, while Salomon "reasserts allegations related to the internal investigation, his performance improvement plan, and the tuition reimbursement

2

benefit," MassHousing argues, "it is unclear what his one cause of action for retaliation under Title VII relates to or is based on." [Id. at 5].

Salomon filed an opposition on March 11, 2023, [ECF No. 35], which he also styled as a motion to strike MassHousing's motion for a more definite statement or, in the alternative, to strike the Second Amended Complaint, see generally [id.]. The response generally provides facts that Salomon urges the Court to consider in support of his claims. See generally [id.].

## II. DISCUSSION

A complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2). This means that the complaint needs to sufficiently identify the alleged misconduct of the defendant so that it has fair notice of the nature of the claim the plaintiff is asserting and the factual grounds upon which it rests. See Silverstrand Invs. v. AMAG Pharms., Inc., 707 F.3d 95, 101 (1st Cir. 2013).

Here, the Court agrees with MassHousing that the Second Amended Complaint does not clearly identify the claims and facts supporting those claims, especially in a way that is consistent with the Court's prior order that the Second Amended Complaint may only allege retaliation related to the filing of a complaint with the MCAD, and not disparate treatment based on race and age, or retaliation for raising alleged discrimination with managers. See generally [ECF No. 28]. Moreover, facts alleged in the "Memorandum of Contextual Facts and Law," [ECF No. 32], or Salomon's opposition, [ECF No. 35], must be included in the Second Amended Complaint for the Court to consider them. See Tyree v. Healey, No. 23-cv-12518, 2024 WL 328874, at *2 (D. Mass. Jan. 29, 2024) ("To the extent the complaint references factual allegations contained in [a document] accompanying the complaint," the document "will not be

3

considered when screening the complaint" because a "[p]laintiff's use of" documents not in the complaint "does not excuse plaintiff of his responsibility to clearly set forth the relevant allegations in the body of the complaint.") (internal citations omitted); see also id. ("The First Circuit has cautioned that '[o]rdinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein . . . .'" (quoting Graf v. Hospitality Mut. Ins. Co., 754 F.3d 74, 76 (1st Cir. 2014) (internal citation and quotation marks omitted))).

## III.  CONCLUSION

Accordingly, MassHousing's motion for a more definite statement, [ECF No. 33], is GRANTED, and Salomon's motion to strike, [ECF No. 35], is DENIED.  By May 3, 2024, Salomon may file a third amended complaint that includes all of his factual allegations related to any claim for retaliation following the filing of a complaint with the MCAD and that specifically enumerates the claims he asserts.  Salomon is reminded that, per the Court's prior order, his third amended complaint must be limited to allegations of retaliation for filing his MCAD complaint. See generally [ECF No. 28].  The Court is unlikely to allow any additional attempts to amend the complaint.

**SO ORDERED.**

April 5, 2024                              /s/ Allison D. Burroughs
                                           ALLISON D. BURROUGHS
                                           U.S. DISTRICT JUDGE